## 27425.   STANFORD v. SCHMID et al.

JORDAN, Justice. Stanford commenced an action in DeKalb Superior Court against Schmid, Adams, and Berry in their official capacities as members of the DeKalb County Board of Voter Registration seeking to enjoin the defendants from removing his name from the list of eligible voters in DeKalb County. The defendants by complaint in the nature of a counterclaim sought a declaration for direction whether the plaintiff's name should remain on the list of registered voters and whether his name should be included on the primary election ballot for August 8, 1972, as a candidate of the Republican Party for Sheriff of DeKalb County.

Stanford appealed an order of July 6, 1972, which reads in part as follows: "that as of June 14, 1972, at twelve o'clock noon, M. Leon Stanford was not qualified either to be an elector of this county or to hold public office by virtue of his prior conviction for a felony; and it further appearing that said M. Leon Stanford was not pardoned until June 21, 1972, and was by virtue of said pardon registered to vote at approximately 11:45 a.m., on

June 21, 1972, and was certified by the Republican Party at that time, it is hereby ordered, adjudged, and decreed that under the Georgia Election Code, M. Leon Stanford is not qualified to be a candidate for the office of sheriff . . . and the defendants . . . are hereby ordered to strike his name from the ballot."

The appellant argues in his brief, among other things, that the order of the trial judge was based on the misconception that a candidate must be eligible to hold the office sought when he qualifies with his party on the second Wednesday in June, in order to be certified by his party on the third Wednesday in June, even though he may be eligible at the time of certification, relying on the provisions of the 1970 election code as set forth in *Code Ann.* §§ 34-1005, 34-1006.

On July 14, 1972, this court stayed the judgment pending a determination on the merits of the appeal, and, to preserve the rights of the appellant, the court directed the appellees to place the appellant's name on the primary election ballot in accordance with the certification of the political party.

We take judicial notice of the result of the primary election, which from the official records on file in the office of the Secretary of State shows that the appellant was defeated as a candidate for Sheriff of DeKalb County. Under these circumstances, and in further view of the fact that the record on appeal discloses that the appellant's name is on the list of registered voters for DeKalb County, the appeal is moot and a ruling on the merits is no longer required or appropriate.

*Appeal dismissed. All the Justices concur.*
ARGUED SEPTEMBER 13, 1972—DECIDED OCTOBER 5, 1972.

*B. W. Crecelius,* for appellant.
*George P. Dillard,* for appellee.